116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ann M. COHN, Plaintiff-Appellant,
v.
LIFE INSURANCE COMPANY of NORTH AMERICA, Defendant-Appellee.
 No. 96-55516.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1997
June 16, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-00100-AHS; Alicemarie H. Stotler, District Judge, Presiding.
 Before: HUG, Chief Judge; FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ann M. Cohn appeals the entry of summary judgment in favor of Life Insurance Company of North America (LINA) on her claim for long-term disability benefits under the benefit plan of her former employer, Baxter Travenol Laboratories, pursuant to the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 Assuming for purposes of this appeal that LINA's decision to terminate Cohn's benefits should be reviewed de novo, we agree with it. Except for one report from Dr. Husain indicating that Cohn was totally disabled from any occupation for a one month period from June to July 1991, there is no evidence to support Cohn's claim of total disability as of May 1994. The final medical reports from Lewis, the Jefferson Medical Group, Cabalo, Kornblum, and Husain indicate that Cohn could perform sedentary work or return to light duty. Dr. Kim's evaluation is to the same effect. Although Cohn suggests that Cabalo's report in August 1993 indicating that she was not disabled from any occupation was a mistake, we don't think so, as it is consistent with Cabalo's assessment of Cohn's physical impairment as "slight limitation of functional capacity; capable of light work." Thus, LINA properly terminated her benefits as Cohn was not totally disabled from performing any occupation in May 1994.
 
 
 4
 We reject Cohn's argument that vocational evidence is necessary, see McKenzie v. General Telephone Co., 41 F.3d 1310, 1317 (9th Cir.1994), because the administrative record shows that Cohn can perform an identifiable job, such as keypunch, graphics design, or any other sedentary work. Likewise, we decline to consider the reports of Dr. Rogers, see Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 943-44 (9th Cir.1995), since Dr. Rogers's conclusion of total disability is based on medical conditions (i.e., carpal tunnel syndrome) that did not exist at the time LINA decided to terminate benefits.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3